United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11334
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GARY GENE KENNEDY,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CR-3-ALL
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    The Federal Public Defender appointed to represent Gary Gene

Kennedy on direct appeal has filed what he terms a "quasi-_Anders_"

brief.  He argues that, based upon extra-circuit law and the

district court's alleged misapplication of the sentencing

guidelines, the appeal-waiver provision in Kennedy's plea

agreement is unenforceable and should be severed from the plea

agreement.  Counsel recognizes, however, that this court's

jurisprudence and the plain language of the waiver preclude an

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal based upon the enhancement of his offense level under the sentencing guidelines.  Counsel therefore asserts that, if we decide the appeal waiver is enforceable, there are no nonfrivolous issues for appeal, and he requests permission to withdraw pursuant to Anders v. California, 386 U.S. 738, 744 (1967).

We have reviewed the record and, based upon this court's jurisprudence, the guilty plea and appeal waiver were knowing and voluntary, and Kennedy is precluded from arguing that his sentence was improperly enhanced under United States Sentencing Guidelines § 2K2.1(b).  See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999); United States v. Melancon, 972 F.2d 566, 567, 568 (5th Cir. 1992).  We note that, even under our sister circuits' jurisprudence regarding the enforceability of appeal waivers, we would conclude that the appeal waiver provision is enforceable.  See United States v. Teeter, 257 F.3d 14, 24, 25-27 (1st Cir. 2001); United States v. De-La-Cruz Castro, 299 F.3d 5, 12-14 (1st Cir. 2002); United States v. Rosa, 123 F.3d 94, 96, 101-02 (2d Cir. 1997); United States v. Goodman, 165 F.3d 169, 174-75 (2d Cir. 1999); United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001); United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000); United States v. Andis, 333 F.3d 886, 890, 891-92 (8th Cir. 2003).

Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  See 5TH CIR. R. 42.2.