United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10152
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DOMINGO CORTEZ, also
known as J.D. Cortez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CR-24-1-C
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Domingo Cortez appeals his sentence imposed following
his guilty plea to theft or embezzlement concerning programs
receiving federal funds and aiding and abetting.  Cortez was
sentenced to a term of imprisonment of 63 months to be followed
by a three-year term of supervised release.  Cortez was also
ordered to pay restitution in the amount of $805,083.55 and a
fine of $20,000.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that Cortez waived his right to appeal his sentence in his plea agreement.  Cortez responds that he did not waive his right to appeal a sentence above the statutory maximum and that, under Blakely v. Washington, 124 S. Ct. 2531 (2004), the constitutional statutory maximum sentence that could be imposed upon him was 41 months.

The record reflects that Cortez knowingly and voluntarily executed the waiver contained in his plea agreement and, thus, the waiver was validly executed.  United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).  However, the Supreme Court in Blakely held "that the 'statutory maximum' for Apprendi[**] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely, 124 S. Ct. at 2537 (italics omitted).  The waiver in Cortez's plea agreement contained an exception for sentences imposed above the statutory maximum.  Thus, out of an abundance of caution and because appellate-waiver provisions are to be construed against the Government, see United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997), the court will consider Cortez's Blakely argument.

Relying on Blakely, Cortez argues that his 63-month sentence was unconstitutional because there was no proof beyond a reasonable doubt presented to a jury to support the enhancements of his offense level based on the abuse of trust or obstruction

---

[**] Apprendi v. New Jersey, 530 U.S. 466 (2000).

of justice. He further argues that under <u>Blakely</u>, the restitution order is unconstitutional because it was based on facts not submitted to the jury.

This court has held that <u>Blakely</u> does not apply to the federal sentencing guidelines.  <u>See</u> <u>United States v. Pineiro</u>, 377 F.3d 464, 473 (5th Cir.), <u>petition for cert. denied. denied. filed</u> (U.S. July 14, 2004).  Therefore, Cortez's arguments under <u>Blakely</u> are foreclosed.

Cortez argues that the district court erred in failing to grant his motion for a downward departure based on his physical condition.  He also alleges that the fine imposed is erroneous because the district court did not consider whether the fine would impair Cortez's ability to make restitution.  Neither of these issues are included in the exceptions to Cortez's voluntary waiver of his right to appeal his sentence.  Thus, the departure ruling and the fine are not subject to review.

The motion is GRANTED, and the judgment of the district court is AFFIRMED.