**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 10, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-20356
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN WADE BERGER,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-306-1
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alan Wade Berger appeals his guilty-plea conviction for using means of interstate commerce to persuade a minor to engage in sexual activity, a violation of 18 U.S.C. § 2422(b). Berger received a mandatory minimum prison term of five years. He now argues that his guilty plea was involuntary and unknowing for two reasons: (1) at rearraignment, the district court failed to inform him about a possible increase to his base offense level under U.S.S.G. § 2A3.2(b)(2), a warning allegedly required by *Blakely v.*

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Washington*, 124 S. Ct. 2531 (2004); and (2) he was not clearly or adequately informed that he was facing a five-year mandatory minimum prison term.

The Government contends that Berger's only timely notices of appeal were inadequate to preserve a challenge to his conviction because they designated only the sentence and Berger's "Motion to Demand Specific Performance." Although FED. R. APP. P. 3(c)(1)(B) requires an appellant to "designate [in his notice of appeal] the judgment, order, or part thereof being appealed," this court has "consistently given a liberal interpretation to this requirement." *United States v. Knowles*, 29 F.3d 947, 949 (5th Cir. 1994). Both of Berger's timely notices of appeal were adequate to "exhibit an intent to appeal" the validity of his guilty plea. *See id.* at 950.

The Government also argues that, as part of his plea agreement, Berger validly waived his right to appeal. A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999). Berger does not explicitly challenge the validity of the waiver provision itself, but such a provision will be enforced only "[s]o long as [the] plea [itself] is informed and voluntary." *See United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997); *see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). Accordingly, we first address Berger's substantive challenge to the validity of his guilty plea in order

to reach the threshold issue of whether the waiver provision was enforceable. *See*, *e.g.*, *United States v. Brown*, 328 F.3d 787, 789-90 (5th Cir. 2003).

Berger's challenges to the validity of his plea are unavailing. First, contrary to Berger's contention, *Blakely* did not require his indictment to charge or the district court to warn him that he faced an offense-level increase under the Sentencing Guidelines. *See United States v. Pineiro*, 377 F.3d 464, 465 (5th Cir. 2004) (holding that *Blakely* does not apply to the federal guidelines), *petition for cert. filed*, (U.S. July 14, 2004) (No. 04-5263). Second, Berger's signed plea agreement and rearraignment transcript reflect that Berger was adequately and clearly informed that he faced a mandatory minimum prison term of five years. *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000); FED. R. CRIM. P. 11(b)(1)(I).

Because Berger's guilty-plea was voluntarily and knowingly entered, his waiver of his right to appeal was enforceable. Accordingly, we DISMISS the appeal.

APPEAL DISMISSED.