RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0235p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 03-5598

FREDERICK BEN LUEBBERT,

*Defendant-Appellant.*

On Remand from the United States Supreme Court.
No. 02-00142—R. Allan Edgar, Chief District Judge.

Submitted: March 15, 2005

Decided and Filed: June 1, 2005

Before: MERRITT and MOORE, Circuit Judges; DUGGAN, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Nikki C. Pierce, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, Greeneville, Tennessee, for Appellant. Christopher D. Poole, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

MERRITT, J., delivered the opinion of the court, in which DUGGAN, D. J., joined. MOORE, J. (p. 3), delivered a separate dissenting opinion.

---

## OPINION

---

MERRITT, Circuit Judge. Following the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court vacated our earlier decision dismissing defendant's appeal in this case based on his "waiver of appeal" and remanded the case to us for "further consideration in light of" the *Booker* case. We have reconsidered our earlier decision and again conclude that the appeal should be dismissed because of defendant's waiver.

In this case, the defendant Luebbert entered a guilty plea under a plea agreement with the government. The question before us now is whether the defendant's waiver of appeal waives appeal of a violation of his Sixth Amendment rights resulting from findings of fact by the District Judge

---

[*] The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

that increase or enhance the sentence above the level the defendant would otherwise have received under the guidelines for the particular elements of the offense to which he pled guilty.

The waiver of appeal provision in the instant case states:

> The defendant additionally waives the right to appeal his sentence on any ground . . . other than any sentence imposed in excess of the statutory maximum, and any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.

In this provision of the plea agreement the defendant excepts from his waiver a sentence imposed above the "statutory maximum" and any "upward departure" imposed under the guidelines.

In two recent decisions of our Court, *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005), and *United States v. Yoon*, 398 F.3d 802 (6th Cir. 2005), we have held that waiver of appeal provisions in a plea agreement effectively waive appeal of *Booker*-type violations. We hold that the language of the waiver of appeal provision excepting from the waiver any sentence above the "statutory maximum," or any "upward departure," does not serve to distinguish this case from the *Bradley* and the *Yoon* cases.

The "statutory maximum" exception in the plea agreement refers to the upward limit of the statute charged in the indictment to which the defendant pled guilty. It does not refer to the "maximum sentence" under the guidelines which a judge may impose on the basis of the facts admitted by the defendant in his guilty plea. Such a "guideline maximum" is not the same as a "statutory maximum." We agree with two of our sister circuits that waiver of appeal with such language excepting sentences imposed above the "statutory maximum" refers only to "the upper limit of punishment that Congress has legislatively specified for violation of a statute." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005); *see also United States v. West*, 392 F.3d 450, 459-61 (D.C. Cir. 2004).

There is not any real ambiguity in the meaning of the plea agreement now before us. The plea agreement was entered into prior to the decision in the *Booker* case, and it does not seem reasonable to give the phrase "statutory maximum" a post-*Booker* definition (*i.e.*, the maximum sentence a judge may impose under the guidelines on the basis of the facts admitted by the defendant). This interpretation of the waiver of appeal is reinforced by the language of the plea agreement itself that no *guideline sentence* is meant to give a right of appeal except "an upward departure from the guideline range." This specific reference to the right to appeal a particular type of guideline sentence ("an upward departure from the guideline range") waives any appeal from other types of guideline sentences such as simple enhancements, as in this case. If a guideline enhancement is to be treated as a "sentence in excess of the statutory maximum," the parties would surely have spelled out in the plea agreement other such exceptions just as they spelled out the exception for "an upward departure from the guideline range." The inclusion of only one type of guideline sentence indicates an intent to exclude enhancements and other types of guideline sentences that fall within the "statutory maximum." The "statutory maximum" exception, therefore, does not serve to distinguish this case from the *Bradley* and *Yoon* cases previously decided by our Court, cases which we are obligated to follow.

Therefore, in light of the waiver of appeal provision of the plea agreement, we conclude that this appeal has been waived and the case must be dismissed.

Accordingly, it is so ordered.

---

**DISSENT**

---

KAREN NELSON MOORE, Circuit Judge, dissenting. Because I believe that Luebbert's plea agreement does not unambiguously waive Luebbert's right to raise a Sixth Amendment challenge to his sentence on the basis of *United States v. Booker*, 125 S. Ct. 738 (2005), I respectfully dissent.

Luebbert's plea agreement explicitly provides that Luebbert has not waived his right to appeal "any sentence imposed in excess of the statutory maximum." Joint Appendix at 12. The scope of this reservation of appellate rights is ambiguous, however, because the plea agreement does not explain when a sentence will be deemed to be "in excess of the statutory maximum." While I agree with the majority that it is reasonable to interpret the "statutory maximum" exception as "refer[ring] to the upward limit of the statute charged in the indictment to which the defendant pled guilty," Maj. Op. at 2, I disagree with the majority that this is the *only* reasonable interpretation of the "statutory maximum" exception.

In *Booker* and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the Supreme Court explained that when a sentence rests on judge-found facts rather than facts found by a jury or admitted by the defendant, the sentence exceeds the relevant "statutory maximum." *See Booker*, 125 S. Ct. at 749 ("Our precedents . . . make clear 'that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*'") (quoting *Blakely*, 124 S. Ct. at 2537). Thus, when a defendant raises a *Booker*-based Sixth Amendment challenge to his or her sentence based on judicial fact-finding, the defendant can be understood to be claiming that his or her sentence is "in excess of the statutory maximum."

Unlike the majority, I believe that it is more appropriate to treat the statutory-maximum exception as ambiguous rather than to speculate about the parties' intended meaning. *See Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004) ("One fundamental principle of contract interpretation is that primary importance should be placed upon the words of the contract. Unless expressed in some way in the writing, the actual intent of the parties is ineffective, except when it can be made the basis for reformation of the writing.") (internal quotation marks and citation omitted). Because "[a]mbiguities in a plea agreement must be construed against the government," *United States v. Fitch*, 282 F.3d 364, 367-68 (6th Cir. 2002); *see United States v. Johnson*, 979 F.2d 396, 399-400 (6th Cir. 1992) ("Both constitutional and supervisory concerns require holding the government to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in the plea agreements.") (internal quotation marks and citation omitted), the statutory-maximum exception in Luebbert's plea agreement should be construed as permitting Luebbert to appeal his sentence on *Booker* grounds. *See United States v. Cortez*, No. 04-10152, 2005 WL 66068, at **1 (5th Cir. Jan. 10, 2005) ("The waiver in Cortez's plea agreement contained an exception for sentences imposed above the statutory maximum. Thus, out of an abundance of caution and because appellate-waiver provisions are to be construed against the Government, the court will consider Cortez's *Blakely* argument.") (citation omitted); *see also Morris v. United States*, — S. Ct. —, No. 04-9299, 2005 WL 697344 (Apr. 25, 2005) (granting certiorari, vacating, and remanding for resentencing in light of *Booker* in case in which petition for certiorari argued that "statutory maximum" exception in defendant's plea agreement allowed review of defendant's *Booker* claim, notwithstanding plea agreement's waiver-of-appeal provisions).

Thus, I respectfully dissent.