United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 03-11334

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GARY GENE KENNEDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 7:03-CR-3-ALL

_____

Before SMITH, DEMOSS, and STEWART,
Circuit Judges.

PER CURIAM:[*]

This court dismissed Gary Kennedy's appeal of his sentence based on an appeal waiver provision in his plea agreement. *United States v. Kennedy*, 99 Fed. Appx. 557 (5th Cir. 2004) (per curiam). We granted Kennedy's attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Kennedy v. United States*, 125 S. Ct. 1016 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

In his supplemental letter brief on remand, Kennedy SS represented again by counsel SS correctly perceives that the question at hand regarding the appeal waiver is the following: "Does a sentence that exceeds an unenhanced guideline range constitute a sentence that exceeds the statutory maximum sentence, which is what occurred in this case, or does this refer only to increases over the statutory maximum sentence located within the United States Code?" Counsel wrote this letter on March 7, 2005, at which time he correctly observed the following:

> [The Fifth Circuit] has not addressed this issue in the context of [*Booker*]. [It] has,

however, addressed this issue in the similar context of appeal waivers and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Unfortunately, in unpublished opinions, this Court has taken contradictory positions on this issue. *Compare United States v. Cortez*, [120 Fed. Appx. 535 (5th Cir. Jan. 10, 2005) (per curiam)] to *United States v. Berger*, [119 Fed. Appx. 658 (5th Cir. Jan. 10, 2005) (per curiam), *cert. denied*, 125 S. Ct. 2285 (2005)].

Kennedy's counsel urges that we "adopt the holding in *Cortez*, where this Court, 'in an abundance of caution and because appellate-waiver provisions are to be construed against the Government,' considered the defendant's argument related to *Blakely*."

Unfortunately for Kennedy, however, the *Cortez* panel granted rehearing and reversed its position. *See United States v. Cortez*, 2005 U.S. App. LEXIS 11418 (5th Cir. June 16, 2005) (per curiam) (on rehearing). In *Cortez*, the defendant "argue[d] that he did not waive the right to appeal a sentence above the statutory maximum as that term was defined in *Blakely*." *Id.* at *2. Citing *United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. Apr. 15, 2005), the *Cortez* panel reasoned that "[t]he language in the appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed." *Cortez*, 2005 U.S. App. LEXIS 11418, at *2. The court concluded that there was "no indication that the parties intended that the exception in the appellate waiver for 'a sentence exceeding the statutory maximum punishment' would have a meaning other than its ordinary and natural meaning." *Id.* (citations omitted). Thus, citing *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005), the *Cortez* panel reasoned that in this context, the term "statutory maximum" in an appeal waiver means "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *Id.*[1]

In its letter brief of March 7, 2005, the government makes no reference to the waiver of appeal. We assume, from this, that the government does not insist that the appeal waiver be enforced in this case. Only because of that circumstance, and because appeal waivers are not jurisdictional, we will not hold Kennedy to his waiver, which otherwise, under *Cortez*, would require that the appeal be dismissed.

We do note, however, that Kennedy raised alleged *Booker* error for the first time in his petition for writ of certiorari. We have recently held that, in the context of alleged *Booker* error, and "absent extraordinary circumstances, [we will not] consider an argument raised for the first time in a petition for [writ of] certiorari." *United States v. Taylor*, 2005 U.S. App. LEXIS 8701, at *3 (5th Cir. May 17, 2005) (per curiam).

There are no extraordinary circumstances here. If we were to consider Kennedy's issues, we would review for plain error, because Kennedy concedes that no Sixth Amendment objection was raised in the district court. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

In its supplemental brief, the government concedes plain error "in light of *Booker*."[2] Based solely on facts Kennedy admitted, however, he could have received the same sentence on remand. It follows that he cannot show that he would receive a lesser sentence on remand, so none of his substantial rights is affected.

The judgments of sentence is AFFIRMED.

---

[1] Other circuits similarly have concluded that *Blakely* and *Booker* do not alter the plain meaning of "statutory maximum" as defined in waiver of appeal provisions in plea agreements. *See United States v. West*, 392 F.3d 450 (D.C. Cir. 2004); *United States v. Blick*, 2005 U.S. App. LEXIS 9742, at *19 (4th Cir. May 27, 2005); *United States v. Luebbert*, 2005 U.S. App. LEXIS 9972, at *3 (6th Cir. June 1, 2005); *United States v. Green*, 405 F.3d 1180, 1191-94 (10th Cir. 2005).

[2] Because Kennedy admitted to facts sufficient to sustain his sentence under *Booker*, his only remaining claim is that he nonetheless is entitled to be sentenced under an advisory, instead of mandatory, guideline regime. "Technically, this is a "*Fanfan* error, not a *Booker* error." *United States v. Martinez-Lugo*, 2005 U.S. App. LEXIS 10432, at *5 (5th Cir. June 7, 2005) (per curiam) (referring to Ducan Fanfan, the second defendant in the consolidated opinion in *Booker*). *See United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005) (per curiam) (discussing the difference between *Booker* and *Fanfan* error).

3