

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2005

# USA v. Arrezola-Lopez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3187

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Arrezola-Lopez" (2005). *2005 Decisions.* Paper 205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3187
_____

UNITED STATES OF AMERICA

v.

RAFAEL ARREZOLA-LOPEZ,
                                        Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 03-cr-00834-1)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 8, 2005
_____

Before: ROTH, FUENTES and GARTH, Circuit Judges
(Opinion Filed: November 23, 2005)
_____

OPINION

Garth, Circuit Judge:

On December 18, 2003, a grand jury indicted Rafael Arrezola-Lopez on one count

of illegal re-entry after deportation in violation of 8 U.S.C. §1326(a) and (b)(2).   Mr.

Arreozola-Lopez pleaded guilty.  In his written plea agreement, he waived his right to

1

appeal, subject to a few exceptions.  The relevant language in the plea agreement read:

> In exchange for the undertaking made by the government in entering this plea agreement, the defendant voluntarily and expressly waived all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution . . .[N]otwithstanding the waiver provision . . . the defendant may file a direct appeal but may raise only claims that (1) the defendant's sentence exceeds the statutory maximum; or (2) the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range.

The transcript of the plea colloquy makes clear that Mr. Arrezola-Lopez entered into this waiver knowingly and voluntarily.  *See United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001).  On July 26, 2004, Mr. Arrezola-Lopez was sentenced to 18 months' imprisonment, a sentence that fell at the low end of the applicable guideline range (18-24 months), and well below the maximum allowed by the criminal provision he violated (20 years).

Mr. Arrezola-Lopez now asks us to vacate his sentence and remand for resentencing under *United States v. Booker*, 125 S. Ct. 738 (2005).  He argues that, in violation of the rule of *Booker*, the District Court enhanced his sentence based on facts that were neither charged in the indictment, admitted, nor proved to a jury beyond a reasonable doubt.[1]  He also argues that remand is warranted because, in sentencing him,

---

[1] Mr. Arrezola-Lopez made this argument at the sentencing hearing, as well.  The District Court rejected it on its merits not only orally at the hearing, but also in a memorandum opinion written in accordance with LAR 3.1 after Mr. Arrezola-Lopez filed

the District Court treated the Sentencing Guidelines as mandatory, which was erroneous under *Booker*.

We lack jurisdiction to consider these arguments because Mr. Arrezola-Lopez waived his right to appeal except in limited circumstances, none of which are present here. Mr. Arrezola-Lopez argues that circumstances falling within the waiver exception *are* present here because in his plea agreement he reserved the right to challenge a sentence that "exceeds the statutory maximum," and he wishes to challenge a sentence that he claims exceeds the "statutory maximum," in the sense that the *Booker* court used that term. As several courts have recognized, however, the phrase "statutory maximum," as used in *Booker*, reflects a different meaning than is reflected by that same phrase when it is used in appellate waivers, at least those entered (as Mr. Arrezola-Lopez's was) before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004) and *Booker*.[2] The *Booker* court used the phrase "statutory maximum" to mean "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Booker*, 125 S. Ct. at 749. In appellate waivers such as the

---

his Notice of Appeal.

[2] *See United States v. Adams*, No. 04-3127, 2005 WL 2562005, at *2-4 (3d Cir. Oct. 13, 2005); *United States v. Bond*, 414 F.3d 542, 545-546 (5th Cir. 2005); *United States v. Luebbert,* 411 F.3d 602*,* 603-604 (6th Cir. 2005); *United States v. Blick,* 408 F.3d 162, 169-170 & n.7 (4th Cir. 2005); *United States v. Green*, 405 F.3d 1180, 1191-1194 (10th Cir. 2005); *United States v. Rubbo*, 396 F.3d 1330, 1334-1335 (11th Cir.), *cert. denied*, 2005 WL 2493867 (2005); *United States v. West*, 392 F.3d 450, 459-461 (D.C. Cir. 2004) (Roberts, J.).

one quoted above, on the other hand, the phrase "statutory maximum" means the maximum punishment prescribed by Congress in the criminal statute violated. Mr. Arrezola-Lopez's sentence did not exceed the maximum punishment prescribed by Congress in the criminal statute he violated, 8 U.S.C. §1326(b)(2), and so his challenge is not the type excepted from the waiver in his plea agreement.

Mr. Arrezola-Lopez argues in the alternative that a finding that he waived his right to appeal a sentence that he claims is unconstitutional under *Booker* would represent "a miscarriage of justice." *Khattak*, 273 F.3d at 562. Our opinion in *United States v. Lockett* squarely rejects that position. 406 F.3d 207, 214 (3d Cir. 2005) ("where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of *Booker*").

For the foregoing reasons, we will dismiss Mr. Arrezola-Lopez's appeal for lack of jurisdiction.