**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0248n.06
Filed: April 4,2007

**No. 04-4325**


**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

United States of America,

     Plaintiff-Appellee,

v.

Gary Sean Hensel,

     Defendant-Appellant.

                             /

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO**


**BEFORE:**    **COLE, CLAY, and GILMAN, Circuit Judges.**

     **CLAY, Circuit Judge.** Defendant Gary Sean Hensel pled guilty on July 21, 2004, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 21, 2004, the district court imposed the minimum sentence under the applicable sentencing guidelines and sentenced Defendant to an imprisonment term of seventy months and to three years of supervised release. Defendant appeals his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), arguing that there is a strong inference that the district court may have imposed a lower sentence under a non-mandatory sentencing guidelines scheme. For the reasons which follow, because of the appeal waiver provision in Defendant's plea agreement, we **DISMISS** this appeal for lack of jurisdiction.

## BACKGROUND

On July 21, 2004, Defendant entered into a plea agreement with the government. Defendant's plea agreement sets forth "statutory penalties, an appellate waiver, the base offense level calculations, a factual agreement, the [ ] constitutional rights [Defendant] would be waiving, and his acknowledgment of a voluntary, knowing plea of guilty." (Gov't Br. at 4) In pertinent part, the plea agreement provides:

> WAIVER OF APPEAL, DEFENSES, AND COLLATERAL ATTACK RIGHT
> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below.
> Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court; (c) any punishment to the extent it exceeds the guideline calculation contained in this agreement; and (d) any criminal history determination to which the defendant objected at sentencing. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(J.A. 21) (formatting added). In the plea agreement, Defendant "acknowledge[d] that his offer to plead guilty is freely and voluntarily made." (J.A. 23) Defendant also "declare[d] that he is fully satisfied with the legal counsel and assistance provided by his attorney." (J.A. 24) Under the terms

of the agreement, the "plea agreement sets forth the full and complete terms and conditions of the agreement between the defendant and the government." *Id.*

At the plea hearing, the district court asked the government to "summarize the promises that have been made by the United States to [Defendant]" in the plea agreement. (J.A. 34) The government discussed the provisions in the agreement, including the appellate waiver clause. In pertinent part, the government stated:

> the other things contained are waiver of appeal that apply to the conviction itself. He may appeal any sentence given by the Court that constitutes an upward departure or anything based on ineffective assistance of counsel.

(J.A. 34-35)

The district court reviewed the terms of the plea agreement with Defendant and stated that Defendant's "sentence will [ ] be consistent with the plea agreement which [Defendant] signed and the Court has approved and signed as well." (J.A. 36) The district court inquired whether Defendant was "certain that [he] want[ed] to plead guilty," and Defendant indicated his interest in pleading guilty. *Id.* The district court accepted Defendant's guilty plea finding that Defendant "understands the nature of the charge against him; that his plea is voluntary and intelligently made; and that there is a substantial factual basis for the plea." (J.A. 35)

On October 22, 2004, the district court held a sentencing hearing. At the hearing, Defendant's counsel indicated that "[w]e have no dispute with what the presentence report stated other than to say the criminal history kind of over-represented it." (J.A. 41) Relying on the presentence report, the district court calculated a "net offense level of 21 points and a criminal

history category roman numeral V. The guideline range is 70 to 87 months." (J.A. 44) Defendant's

counsel objected again:

> Your Honor, we would just again reiterate our request for the Court
> to find him in a criminal history category 3 or 4, and if the Court does
> not do that, for the Court to sentence him to the minimum.

(J.A. 44) The district court stated:

> I think that the criminal history points are accurate. I do think that
> this is a pretty long period of time here. So although I am not going
> to rule that the criminal history overstates your responsibility because
> you're responsible and know you are, I am however going to sentence
> you at the low end of the guidelines because I think 70 months, you
> should be able to pick it up and turn it around.

(J.A. 44) The court sentenced Defendant to an imprisonment term of seventy months, the minimum

term under the sentencing guideline range, and to three years of supervised release.

On appeal, Defendant's cursory brief fails to meaningfully develop the legal arguments.

Defendant contends that he was "sentenced to minimum term under the Federal Sentencing

guidelines for his offense, and where that occurs . . . there is a strong inference that the Court might

have imposed a lesser sentence without the Guidelines." (Def. Br. at 5) Liberally construing

Defendant's brief, Defendant appears to argue that in light of *Booker*, he "should be re-sentenced

to less than the Guideline minimum." *Id.*

For its part, the government argues that Defendant "waived his rights to this appeal in a

binding plea agreement." (Gov't Br. at 8). The government does not meaningfully respond to

Defendant's arguments concerning the possible imposition of a lower sentence. Instead, the

government argues that Defendant simply cannot bring this appeal because "his sentence did not

violate any of the provisions of the plea agreement which constitute[ ] grounds for appeal," and asks the Court to dismiss this appeal. *Id.*

## DISCUSSION

### I. WHETHER DEFENDANT WAIVED THE RIGHT TO APPEAL HIS SENTENCE IN THE PLEA AGREEMENT

#### *Standard of Review*

"This Court reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo.*" *United States v. Smith,* 344 F.3d 479, 483 (6th Cir. 2003) (citing *United States v. Stubbs,* 279 F.3d 402, 411 (6th Cir.2002)); *see also United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004).

#### *Analysis*

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe,* 47 F.3d 770, 775-76 (6th Cir.1995)). "[A] defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement." *Smith*, 344 F.3d at 483. "[W]aiver of appeal provisions in a plea agreement [may] effectively waive appeal of *Booker*-type violations." *United States v. Luebbert*, 411 F.3d 602, 603 (6th Cir. 2005).

"When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *Smith*, 344 F.3d at 483 (quoting *United States v. Stubbs*, 279 F.3d 402, 410 (6th Cir. 2002)). "For

a plea agreement to be constitutionally valid, a defendant must have entered into the agreement knowingly and voluntarily." *Smith*, 344 F.3d at 483; *see also Swanberg*, 370 F.3d at 625-26.

This Court has "strongly encourage[d] the government to promptly file a motion to dismiss the defendant's appeal where the defendant waived his appellate rights as part of a plea agreement, and to attach a copy of the appellate-waiver provision and the transcript of the plea colloquy showing the district court's compliance with Rule 11(b)(1)(N)." *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005); *but see United States v. Caruthers*, 458 F.3d 459, 472 n.6 (6th Cir. 2006) (noting that an appeal waiver may not deprive the Court of jurisdiction to hear a sentencing appeal).

In this case, provisions in Defendant's plea agreement determine Defendant's ability to pursue this appeal. More specifically, Defendant waived his appeal rights in the plea agreement. Defendant argues that the district court led him to believe that the sentence could be appealed. Defendant fails to meaningfully develop this argument and does not substantiate this claim by pointing to specific parts of the record or plea colloquy. Defendant has made no effort to address the impact of the plea agreement and appeal waiver on the claims raised in this appeal, and has failed to meaningfully respond to the government's arguments. Defendant simply does not allege that the plea agreement is invalid or that his plea was not knowing or voluntary. Since Defendant has failed to meaningfully address this issue, Defendant has waived the issue of whether the plea agreement bars this appeal. *See, e.g.*, *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Even if the Court were to find that Defendant had properly addressed the issues raised in the government's motion to dismiss, the written plea agreement and the district court's plea colloquy support a finding that Defendant waived his appeal rights knowingly and voluntarily.

At the plea hearing, the district court explained, and the Defendant indicated he understood, the nature of the charges and penalties associated with a conviction:

> The Court: And what I've read you is the maximum scenario that you face; do you understand that?
>
> The Defendant: Yes, Your Honor.

(J.A. 31) The court informed Defendant of the rights he would be waiving by pleading guilty, including the

> right to trial by jury, where you have the right to counsel at every stage of the proceedings . . . the right to testify on your own behalf; and the right not to testify if you choose not to; the right to compel witnesses to appear on your behalf; and the right to be presumed innocent until the government can prove otherwise beyond a reasonable doubt[.]

(J.A. 31) The court specifically inquired whether Defendant understood that "by pleading guilty [he] [was] giving up [the] right to appeal [his] conviction," (J.A. 31), and explained that "[t]here may be some things about the sentence that could be appealed, but you don't have the right to appeal the actual conviction." (J.A. 31-32) Defendant clearly indicated that he understood the waiver of his right to appeal. Contrary to Defendant's averments, the district court's statements and questions were not ambiguous and did not invalidate the waiver of appeal contained in the plea agreement.

The district court properly inquired into the voluntariness of Defendant's guilty plea:

> The Court: Mr. Hensel, think very carefully now. You've heard the promises that the government made

|  | to you in this plea agreement. Have there been any other promises made to you by anyone . . . to encourage you to plead guilty here? |
| The Defendant: | No, Your Honor. |
| The Court: | Has anyone made any threats to encourage you to plead guilty? |
| The Defendant: | No, ma'am. |

(J.A. 35) Defendant's responses during the plea colloquy confirm general statements contained in the plea agreement where Defendant "acknowledge[d] that his offer to plead guilty is freely and voluntarily made," (J.A. 23), and "declare[d] that he is fully satisfied with the legal counsel and assistance provided by his attorney." (J.A. 24) Defendant has simply failed to produce any evidence that would suggest that his plea was not knowing and voluntary. The Court cannot infer a violation of Defendant's rights from the plea colloquy in the record.

Defendant's plea agreement states:

> WAIVER OF APPEAL, DEFENSES, AND COLLATERAL ATTACK RIGHT
> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below.
> Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court; (c) any punishment to the extent it exceeds the guideline calculation contained in this agreement; and (d) any criminal history determination to which the defendant objected at sentencing. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(J.A. 21) (formatting added). As illustrated above, Defendant's plea agreement contained an express waiver of the right to appeal. This Court has dismissed Sixth Amendment challenges to pre-*Booker* sentences based on this type of written appeal waiver. For example, in *Luebbert*, where the appeal waiver was similar to the waiver in this case, the Court found that the appeal waiver foreclosed the appeal. *Luebbert*, 411 F.3d at 603. Like the plea agreement in the instant case, the plea agreement in that case provided that the

> defendant additionally waives the right to appeal his sentence on any ground . . . other than any sentence imposed in excess of the statutory maximum, and any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.

*Luebbert*, 411 F.3d at 603. This language, which is similar to the language in Defendant's plea agreement, foreclosed an appeal in *Luebbert*. Post-*Booker*, this Court has held that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley,* 400 F.3d 459, 463 (6th Cir.2005); *see also United States v. Yoon,* 398 F.3d 802, 808 (6th Cir. 2005). In light of this precedent, the plea agreement forecloses this appeal.

## CONCLUSION

For the foregoing reasons, because of the appeal waiver provision in Defendant's plea agreement, we **DISMISS** Defendant's appeal for lack of jurisdiction.