NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0845n.06

No.  11-5638

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOSHUA BRANDON WHITE, aka Josh White, | ) | TENNESSEE |
| | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Joshua Brandon White appeals his twenty-four month sentence, imposed for conspiring to distribute, and for possessing with intent to distribute, pills containing Oxycodone, in violation of 21 U.S.C. §§  841(a)(1) and 846.

White pleaded guilty to conspiring with his co-defendants and others to sell Oxycodone. White's presentence report calculated a base offense level of eighteen.  The report reduced that level by three because White timely accepted responsibility pursuant to USSG § 3E1.1(a) and (b), resulting in a total offense level of fifteen.  Combined with White's Criminal History Category of IV, his advisory sentencing guidelines range was thirty to thirty-seven months of imprisonment. White objected to the report's use of two juvenile adjudications in his sentence calculation, but the district court overruled White's objection and adopted the report's calculations.  The United States filed a motion for a downward departure, requesting that White's offense level be reduced by two

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

levels pursuant to USSG § 5K1.1. The district court granted that motion and reduced White's sentencing range to twenty-four to thirty months of imprisonment. The court then sentenced White to twenty-four months of imprisonment and three years of supervised release.

On appeal, White argues that the district court erred in calculating his Criminal History Category by counting his two juvenile adjudications that were reflected in his presentence report. The United States moves to dismiss this appeal based on the waiver provision in White's plea agreement.

We review de novo the issue of whether White, through his plea agreement, has waived his right to appeal his sentence. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). Plea agreements are strictly construed, and any ambiguities are interpreted against the government. *United States v. Thomas*, 605 F.3d 300, 312 (6th Cir. 2010); *United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009). "A defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008).

The plea agreement expressly forecloses this appeal. The provision at issue states:

> 14. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

White does not allege that he was sentenced above the sentencing guidelines range. Further, no party claims that a statutory minimum affects this case. White does not contend that his plea was involuntary or was not knowingly and intelligently made. White argues only that the phrase "determined by the district court" modifies only "any applicable mandatory minimum sentence," and, therefore, the reference to "sentence imposed above the sentencing guideline range" actually means that he may appeal any "sentence imposed above [an objectively correct, properly calculated] sentencing guideline range."

We do not agree with that interpretation. The "determined by the district court" clause modifies both the reference to a mandatory minimum and the phrase "sentence imposed above the sentencing guideline range." Immediately before the language "determined by the district court," the sentence specifically refers back to both the mandatory minimum phrase and the guidelines range phrase by stating "(whichever is greater)." This language refers to more than one option. If the language "determined by the district court" was intended to modify only the mandatory minimum phrase, as White claims, it would have been placed before the "(whichever is greater)" phrase.

"When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances," such as where the sentence exceeded the statutory maximum or was imposed based on racial discrimination. *Smith*, 344 F.3d at 483 (alteration in original) (internal quotation marks omitted); *see also United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012). White has not alleged that any such circumstances exist in this case. Accordingly, the waiver provision precludes White's appeal. *See, e.g.*, *United States v. Luebbert*, 411 F.3d 602, 603–04 (6th Cir. 2005).

The motion to dismiss is granted and the appeal is dismissed.