# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2021

Lyle W. Cayce
Clerk

No. 20-10558
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA JOEL MOORE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-358-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Joshua Joel Moore pleaded guilty, pursuant to a written plea agreement,  to conspiracy to possess, with intent to distribute, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C).  He was sentenced to, *inter alia*,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10558

168-months' imprisonment, a term at the bottom of the advisory Sentencing Guidelines range.  Moore challenges his sentence, asserting:  it exceeds the statutory-maximum punishment; the district court made an arithmetic error at sentencing when it failed to reduce his sentence to account for time-served prior to sentencing; and his sentence is procedurally and substantively unreasonable.

We must first address whether Moore's appeal is barred by the appeal-waiver in his plea agreement.  In that agreement, Moore waived his right, *inter alia*, to appeal his sentence, except for:  the statutory maximum punishment's being exceeded; an arithmetic error at sentencing; challenging the voluntariness of his plea or the waiver; and a claim of ineffective assistance of counsel.

Our court reviews *de novo* "whether an appeal waiver bars an appeal".  *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  In doing so, a two-step inquiry is employed, determining:  first, "whether the waiver was knowing and voluntary"; and second, "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement".  *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Moore acknowledges he knowingly-and-voluntarily agreed to the plea agreement's containing the appeal-waiver.  Therefore, the enforceability of the waiver depends on step two of the inquiry.  *See id.* at 544.

Moore contends that, under the plain language of his plea agreement, he is entitled to appeal because the district court imposed a sentence above the statutory-maximum.  He asserts he was sentenced above the 20-year statutory-maximum, because the court ordered that his 168-month federal sentence run consecutively to the 28-year sentence subsequently imposed in his state-parole-revocation case.  "The language in [an] appellate waiver must be afforded its plain meaning in accord with the intent of the parties at

2

the time the plea agreement was executed." *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005). Without any indication that the parties to the plea agreement intended otherwise, as in this instance, "a sentence exceeding the statutory maximum punishment" will have its "ordinary and natural meaning" of "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *Id.* (internal quotation marks and citation omitted). Accordingly, our court looks to the sentencing limit specified in Moore's federal-charging statute: a maximum punishment of 20-years' imprisonment. 21 U.S.C. §§ 841(b)(1)(C), 846. Moore's federal sentence does not exceed this limit; thus, he was not sentenced above the statutory-maximum punishment and he may not bring an appeal under this exception. *See Bond*, 414 F.3d at 544; *Cortez*, 413 F.3d at 503.

Moore next asserts the court made an arithmetic error at sentencing when it failed, pursuant to 18 U.S.C. § 3585, to reduce his sentence to account for his time spent in federal custody prior to sentencing. Where, as here, "the record does not suggest that the parties intended the term 'arithmetic error' in the appeal waiver to have any special meaning, [our court] construe[s] it to mean simply 'an error involving a mathematical calculation'". *United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017) (citation omitted). Section 3585 does not authorize a district court to award such credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (1992). Instead, the Attorney General computes credit under § 3585, after a defendant begins his sentence. *Id.* at 333–34. Accordingly, failure to award credit under § 3585 cannot be considered a mathematical error, and Moore may not pursue an appeal under this exception. *See Minano*, 872 F.3d at 636–37.

In the alternative, Moore contends that, even if this court decides his appeal-waiver applies, it should allow him to appeal based on the miscarriage-of-justice exception recognized in other circuits. Our court, however, has

declined to explicitly adopt or reject this exception. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir.), *cert. denied*, 141 S. Ct. 438 (2020). We decline to decide whether we should adopt this exception here, because Moore's substantive claims are relatively standard challenges that do not fall within a miscarriage-of-justice exception. *See United States v. Andis*, 333 F.3d 886, 891–92 (8th Cir. 2003); *United States v. Khattak*, 273 F.3d 557, 562–63 (3rd Cir. 2001). (Therefore, they are barred by the appeal-waiver. *See Bond*, 414 F.3d at 544–46.)

DISMISSED.