**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0504n.06
Filed: June 14, 2005

No. 03-2393

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| JAMES HICKS, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
|                       | ) | |

**Before: RYAN, MOORE, and COOK, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant James Hicks ("Hicks")
alleges on appeal that the district court erred at sentencing by: (1) failing to recognize that it had
the discretion to depart downward from the sentencing guidelines range; and (2) violating Hicks's
Sixth-Amendment rights as defined by the Supreme Court's recent decision in *United States v.
Booker*, 125 S. Ct. 738 (2005). The government contends that the appellate-review waiver contained
in Hicks's plea agreement bars Hicks from challenging his sentence on appeal. For the reasons
discussed below, we DISMISS the appeal as inconsistent with the appellate-review waiver in
Hicks's plea agreement.

## I. BACKGROUND

On May 29, 2002, Hicks was indicted for being a felon in possession of a firearm ("Count
One") and for being a felon in possession of ammunition ("Count Two"). Hicks entered into a plea

agreement with the government under which Hicks agreed to plead guilty to Count One in exchange for the government's dismissal of Count Two. Under paragraph two of the plea agreement the government agreed "that a sentence of no more than 63 months of imprisonment is an appropriate disposition of the case." Joint Appendix ("J.A.") at 20 (Plea Agreement at 2). The plea agreement also limited Hicks's right to appeal his sentencing, stating that: "If the court imposes a sentence equal to or less than the maximum sentence described in [paragraph two] of this agreement, defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines." J.A. at 24 (Plea Agreement at 6). Hicks then pleaded guilty to Count One, and the district court accepted Hicks's guilty plea.

Following Hicks's guilty plea, the probation office prepared Hicks's Presentence Report ("PSR") in anticipation of sentencing. The PSR concluded that the appropriate sentencing guidelines range was 63 to 78 months' imprisonment. Hicks then filed a motion for a downward departure below the recommended sentencing guidelines range, and a hearing was held on the matter. At the hearing, the district judge acknowledged that he did not believe that the sentence mandated by the sentencing guidelines was appropriate in this case. The district judge stated that he wanted to give Hicks a shorter sentence, but the district judge could not "find anything in the sentencing guidelines that would allow [him] to do so without violating [his] duty to follow the sentencing guidelines." J.A. at 119 (Sentencing Tr. at 13). The district court then sentenced Hicks to the minimum sentence within the guidelines range, 63 months. Hicks filed this timely appeal.

## II. ANALYSIS

Hicks argues that his sentence was plainly erroneous under the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Whether the district court plainly erred at sentencing is immaterial, however, if Hicks waived his right to appeal his sentence based on the terms of his plea agreement. If the appellate-review waiver contained in Hicks's plea agreement prevents Hicks from challenging his sentence, then we may not address his appeal. We review de novo the question of whether a defendant waived his right to appeal his sentence in a plea agreement. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005).

Hicks agreed, pursuant to his plea agreement, to waive his right to appellate review if the district court imposed a sentence equal to or less than 63 months. The district court sentenced Hicks to 63 months' imprisonment. A fair reading of the plea agreement's appellate-review waiver precludes us from reviewing the challenge raised by Hicks with regard to his sentence. *See United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (enforcing an appellate-review waiver in a plea agreement which stated that the defendant waived his right to appeal any sentence below an agreed-upon maximum). The fact that the district court mistakenly indicated to Hicks at the sentencing hearing that Hicks could appeal his sentence, *see* J.A. at 120 (Sentencing Tr. at 14), does not preclude us from enforcing the appellate-review waiver in the plea agreement. *See United States v. Fleming*, 239 F.3d 761, 764-65 (6th Cir. 2001) (holding that a district court's erroneous statement at sentencing that defendant had a right to appeal did not control over the waiver of that right in a plea agreement that was knowingly and voluntarily made).

Hicks may believe that we should not enforce the appellate-review waiver as he was unaware of the scope of his Sixth-Amendment rights when the plea agreement was entered into because his plea occurred prior to the Supreme Court's decision in *Booker*. Any argument that the timing of

4

Hicks's plea makes the appellate-review waiver unenforceable is foreclosed, however, by our recent precedent. *See, e.g., United States v. Luebbert*, No. 03-5598, --- F.3d ---, slip op. at 2 (6th Cir. June 1, 2005) (enforcing an appellate-review waiver entered into prior to *Booker*); *United States v. Bradley*, 400 F.3d 459, 463-66 (6th Cir. 2005) (same); *United States v. Yoon*, 398 F.3d 802, 808 (6th Cir. 2005) (same). In *Bradley,* we recently affirmed in the *Booker* context the longstanding principle that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Bradley*, 400 F.3d at 463. Had Hicks known of the *Booker* decision earlier, he might have sought different plea-agreement terms. This, however, is insufficient to allow us to revisit the wisdom of Hicks's plea agreement. "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id.* at 464 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970) (internal quotation marks omitted)). Simply put, the change of law announced by *Booker* is insufficient to undermine the validity of Hicks's plea agreement. The appellate-review waiver must therefore be enforced, and we may not address the merits of Hicks's appeal.

## III. CONCLUSION

For the reasons discussed above, we DISMISS the appeal as inconsistent with the appellate-review waiver in Hicks's plea agreement.