**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5084

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN LORENZO HASKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-05-6)

Submitted: June 19, 2006       Decided: September 7, 2006

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Sofie W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marvin Lorenzo Haskins pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000), pursuant to a written plea agreement. The district court determined Haskins satisfied the requirements for enhancement under the Armed Career Criminal Act ("ACCA") and sentenced Haskins to 180 months' imprisonment. We affirm in part and dismiss in part.

On appeal, Haskins contends the district court erred in its application of the ACCA. The Government, however, argues this claim is precluded by the waiver of appellate rights contained in Haskins's plea agreement, according to which he waived his right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing . . . ."

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has effectively waived the right to appeal is an issue of law we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

> Where, as here, the United States seeks enforcement of an
> appeal waiver and there is no claim that the United

States breached its obligations under the plea agreement, we will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver.

United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (internal citations omitted).  An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal.  Id. at 169.  However, "[a]n appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver."  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotations omitted).

The language in the plea agreement is clear and unambiguous.  During the Rule 11 hearing, the district court specifically questioned Haskins regarding the appeal waiver, and Haskins responded that he understood its effects.  Additionally, Haskins concedes he was informed of the penalties that could be imposed as a result of his guilty plea, including the effect of an enhancement under the ACCA.  We conclude the appeal waiver is valid and enforceable and that Haskins's challenge to the district court's enhancement under the ACCA clearly falls within the scope of the waiver.  Therefore, we dismiss the component of Haskins's appeal attacking his sentence.

Haskins also contends the district court erred in its denial of his pro se motion to withdraw his guilty plea. A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Further, we closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 hearing is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). We conclude from the materials before us on appeal that Haskins has failed to overcome the presumption that his guilty plea is final and binding. Therefore, the district court did not abuse its discretion in denying Haskins's pro se motion to withdraw his guilty plea.

Accordingly, we deny Haskins's motion for an extension of time to file a pro se reply brief as moot, affirm his conviction, and dismiss his challenge to his sentence.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND
DISMISSED IN PART

---

*We have considered Haskins's pro se filing and find the issues raised therein meritless.