# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 3, 2010

No. 09-40302
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN EDWARD HOUSE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:08-CV-22
USDC No. 9:04-CR-22-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jonathan Edward House, federal prisoner # 11974-078, appeals the dismissal of his 28 U.S.C. § 2255 motion challenging his sentence for possession of a firearm by a convicted felon.[1] This court granted House a certificate of appealability on: (1) whether his appeal waiver barred his challenge to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 18 U.S.C. § 922(g)(1).

Armed Career Criminal Act (ACCA) enhancement;[2] and (2) whether his prior Texas conviction for engaging in organized criminal activity was a violent felony under the ACCA.  We find for House on both questions.

I.

A defendant convicted for being a felon in possession of a firearm who has three prior convictions for violent felonies faces a statutory *minimum* 15-year prison term under the ACCA.  At his 2005 sentencing hearing, House received this 15-year minimum.    The statutory *maximum* without the ACCA enhancement would have been 10 years.[3]  House argues that one of his three prior convictions counted by the district court—engaging in organized criminal activity—is not a violent felony under the ACCA.  According to House, his underlying organized criminal activity was a "burglary" crime, but it was not a "generic" burglary offense, something the Supreme Court requires for the conviction to fall under the ACCA.[4]  House urges that nothing shows—and the offense does not require—that he had the requisite intent to commit a theft at the "moment" of his illegal entry.[5]  House would get around his appeal waiver by showing his claim falls within its exception allowing him to challenge a sentence that exceeds the statutory maximum.  Although the Government opposed House's § 2255 motion in the district court, it has changed course here— conceding error and joining House's request for resentencing within the proper statutory maximum.

---

[2] 18 U.S.C. § 924(e).

[3] 18 U.S.C. § 924(a)(2).

[4] *See United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

[5] *See id.* at 587.

## II.

## A.

House's challenge to the ACCA enhancement is a claim that his sentence exceeds the proper statutory maximum because his sentence, with the ACCA enhancement, exceeds the statutory maximum sentence applicable without the enhancement. We agree it falls within the exception to House's appeal waiver.[6]

## B.

The Supreme Court held in *Shepard v. United States* "that enquiry under the ACCA to determine whether a plea of guilty to burglary . . . necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."[7]  The *Shepard* documents introduced here do not show that House's prior burglary conviction for engaging in organized criminal activity included "an element of intent to commit a felony, theft, or assault at the moment of entry," so the conviction was not for "generic" burglary and cannot qualify as a violent felony conviction under the ACCA.[8]  The government concedes as much.

## III.

The judgment of the district court is VACATED, and House's case is REMANDED with instructions to grant § 2255 relief and to resentence him within the statutory maximum.

---

[6] *See United States v. Harris*, 434 F.3d 767, 770 (5th Cir. 2005) ("If the appeal waiver read, 'Defendant reserves the right to appeal a sentence in excess of the statutory maximum,' we would not construe that waiver to mean that we are barred from considering whether the district court applied the correct statute in order to determine if the sentence the defendant received exceeded the applicable statutory maximum.").

[7] 544 U.S. 13, 26 (2005).

[8] *See Constante*, 544 F.3d at 587.