**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0215n.06

**No. 11-5466**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 01, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| FRANKLIN ROOSEVELT McGEE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before:  SILER and MOORE, Circuit Judges; VAN TATENHOVE, District Judge.**

**VAN TATENHOVE,** District Judge.  Franklin Roosevelt McGee pled guilty pursuant to a plea agreement to a charge of being a convicted felon in possession of a firearm, violating 18 U.S.C. § 922(g).  McGee was sentenced, but after developments in the law changed McGee's career offender status, we remanded this matter for resentencing.  McGee was sentenced to the same term of imprisonment, and this appeal followed.  For the reasons set forth below, this appeal will be DISMISSED.

**I.**

McGee was charged as a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  He pled guilty to this offense pursuant to a plea agreement containing an appellate waiver.  That waiver states, in part:

---

* The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

WAIVER OF 18 U.S.C. § 3742 RIGHT OF APPEAL:

The Defendant is aware that Title 18 United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this and in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing.

During the guilty plea hearing, the district court informed McGee that by pleading guilty pursuant to the agreement, he would be waiving his right to appeal unless the court gave him an illegal sentence or a sentence higher than the statutory maximum. McGee, aware of the rights he was waiving, pled guilty.

In the Presentence Report prepared for McGee's sentencing, the guidelines were applied based on a determination that he qualified as an armed career criminal under the Armed Career Criminal Act (ACCA), U.S.S.G. § 4B1.4(b)(3)(B). At his sentencing, McGee objected to the use of a prior conviction for aggravated assault by reckless conduct as a predicate qualifying offense for purposes of the ACCA. McGee argued that the Supreme Court's ruling in *Begay v. United States*, 553 U.S. 137 (2008), which had not been decided at the time he entered his plea, rejected the previously accepted view that aggravated assault by reckless conduct qualified for ACCA status. McGee requested preservation of the issue for appeal, but the district court made no determination as to whether McGee could appeal given the existence of the appellate waiver.

McGee appealed to the Sixth Circuit anyway, but a subsequent motion to remand was jointly filed by the United States and McGee thereby negating the need to address his appeal. In the order granting the motion, a panel of this court recognized that *Begay* and *United States v. Baker*, 559 F.3d 443 (6th Cir. 2009), applied, making this matter appropriate for resentencing to determine whether McGee still qualified as an armed career criminal.

Before resentencing, McGee filed a memorandum explaining that four convictions on his criminal record did not qualify for ACCA status. He asserted that the relevant Tennessee code provisions clearly showed that his conviction for aggravated assault should have instead been identified as a conviction for reckless aggravated assault. He further argued that his convictions for aggravated robbery, felony escape, and aggravated assault on a police officer were not "committed on occasions different from one another," as required under the ACCA. According to McGee, proper analysis of the convictions would result in no more than two predicate offenses, which would not support ACCA status.

After the United States had an opportunity to respond to McGee's arguments, the district court ruled at sentencing that the conviction for aggravated assault was incorrectly identified, disqualifying it from ACCA consideration. The court was not, however, persuaded by McGee's arguments regarding the three remaining convictions. After concluding that McGee would still be sentenced as an armed career criminal, the court sentenced him to 180 months in prison and three years of supervised release, the sentence recommended in the plea agreement. The district court also advised McGee that in accordance with *Begay* he had the right to appeal its determination regarding the "committed on occasions different from one another" issue. That appeal is now pending before us.

## II.

### A.

McGee argues he did not waive his right to challenge his sentence because the district court was not limited in the scope of its review at resentencing.[1] Alternatively, he asserts that "the sentence exceeded the maximum permitted by statute" and he therefore "has the right of appeal

---

[1] Whether McGee waived his right to appeal his sentence in the plea agreement is subject to *de novo* review. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

pursuant to the terms of the plea agreement." The United States contends that the appellate waiver effectively foreclosed his right to appeal his sentence other than for an illegal or above-guidelines sentence.

McGee's resentencing was conducted pursuant to a general remand. A general remand permits a district court to address all matters consistent with the remand order. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). The remand order issued here provided in pertinent part:

> Franklin Roosevelt McGee appeals the sentence imposed on his guilty plea to felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court determined that McGee was an armed career criminal under 18 U.S.C. § 924(e)(1). In light of *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Baker*, 559 F.3d 443 (6th Cir. 2009), McGee and the government now jointly move for a remand to the district court for resentencing to determine whether McGee qualifies as an armed career criminal.
>
> Upon review and consideration, the joint motion is GRANTED. McGee's sentence is vacated, and this case is remanded for resentencing.

Because the remand order did not limit the scope of the remand, the district court was permitted to undertake *de novo* review. *See Campbell*, 168 F.3d at 268.

Although McGee believes that *de novo* review restores his right to appeal, he is mistaken. "[A]ny right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006). Even where statements made by the district court contradict provisions of the appellate waiver, the effect is still the same. In *United States v. Fleming*, 239 F.3d 761 (6th Cir. 2001), this very issue was addressed. There, the defendant "[sought] review of his conviction, claiming that although he had waived his right to appeal pursuant to a valid plea agreement, during the sentencing proceeding the district court restored his right to appeal." 239 F.3d at 762. At the plea hearing, the district court accepted the defendant's knowingly and voluntarily entered guilty plea pursuant to the plea

4

agreement. At his sentencing, the district court erroneously recited boilerplate language advising the defendant that he had a right to appeal his sentence. *Id.* at 763. Notwithstanding the error, this court found that the defendant waived his right to appeal and explained that "any pronouncement from the bench that seeks unilaterally to amend a plea agreement exceeds the court's authority under the Criminal Rules and is without effect." *Id.* at 765.

In *United States. v. Hicks*, 134 F.App'x 902 (6th Cir. 2005), this Court reaffirmed the position taken in *Fleming*. There, the defendant, Hicks, agreed to waive his right to appellate review pursuant to his plea agreement, so long as the district court imposed a sentence equal to or less than 63 months. *Id.* at 903. The district court sentenced him to 63 months of imprisonment. *Id.* This court concluded that "[a] fair reading of the plea agreement's appellate-review waiver precludes us from reviewing the challenge raised by Hicks with regard to his sentence." *Id.* This court explained "[t]he fact that the district court mistakenly indicated to Hicks at the sentencing hearing that Hicks could appeal his sentence . . . [did] not preclude us from enforcing the appellate-review waiver in the plea agreement." *Id.* at 903-04.

Other circuits have arrived at similar conclusions. The Eighth Circuit in *United States v. Michelsen*, 141 F.3d 867 (8th Cir. 1998), concluded that "[a]ny statement by the court at the sentencing hearing could not have affected [the defendant's] decision . . . to plead guilty and waive his appellate rights." 141 F.3d at 872. The Fourth Circuit held in *United States v. One Male Juvenile*, 117 F.3d 1415, 1997 WL 381955 (4th Cir. July 11, 1997) (unpublished opinion), that "once an appeal waiver is established to be knowing and intelligent . . . the waiver may not be held unenforceable because of a district court's erroneous statements at a subsequent proceeding." 1997 WL 381955 , at *4.

Here, a valid plea agreement with an appellate waiver provision existed at the time of the initial sentencing. Prior to sentencing, McGee agreed to be bound by the plea agreement "unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing." He was subsequently sentenced to the jointly recommended sentence of 180 months, the minimum sentence under the ACCA. Because the plea agreement was still controlling at resentencing, enforcement of the appellate waiver is appropriate.

**B.**

Alternatively, McGee argues that his sentence can be appealed because he was sentenced above the statutory maximum. He arrives at this conclusion by arguing the district court erroneously determined he qualified for ACCA enhancement. Citing *United States v. Caruthers*, 458 F.3d 459 (6th Cir. 2006), he asserts that being a felon in possession of a firearm, the underlying offense, and being an armed career criminal in possession of a firearm are two separate offenses. [*Id.* at 30.] A conviction as a felon in possession of a firearm, *without including armed career criminal in possession of a firearm as an enhancement*, carries with it a statutory maximum of 10 years pursuant to 18 U.S.C. § 924(a)(2). According to McGee, if the enhancement does not apply and is instead considered a separate offense, then his fifteen-year sentence exceeded the ten-year maximum. [*Id.* at 30.]

It is, however, well established that the ACCA is a sentence enhancement rather than a separate offense. *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011). In *McMurray*, this court recalled that in prior opinions it had "rejected the argument that the ACCA sentencing provision is a separate offense and that the government must plead in the indictment and prove beyond a reasonable doubt the predicate felonies." 653 F.3d at 370.

6

While acknowledging the ruling in *McMurray*, McGee declares that it is inapposite to this matter, asserting that "[t]he bottom line is that the ACCA alters the statutory maximum of the substantive crime" and "respectfully requests this Court to find that the ACCA issues fall under his appeal waiver's exception for 'a sentence imposed in excess of the statutory maximum,' and consider the merits of his claim."

This Circuit has not decided whether an ACCA enhancement of a sentence can be appealed despite the presence of an appellate waiver. To inform our analysis, McGee cites *United States v. House,* 394 F.App'x 122 (5th Cir. 2010) (unpublished), which held the enhancement could be challenged. Careful review of that case, however, reveals the United States did not challenge the defendant's ability to appeal the enhancement and in fact "changed course . . . conceding error and join[ed] [the defendant's] request for resentencing within the proper statutory maximum." 394 F.App'x at 123-24.

In *United States v. Haskins*, 198 F.App'x 280 (4th Cir. 2006), the Fourth Circuit addressed whether a defendant could raise on appeal the ACCA enhancement issue despite having pled guilty pursuant to a plea agreement containing an appellate waiver. The defendant argued the district court erred in its application of the ACCA. 198 F.App'x at 281. The United States asserted that his claim was precluded by the waiver of appellate rights contained in his plea agreement. *Id.* The court opined that:

> Where . . . the United States seeks enforcement of an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver.

*Id.* (citing *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005) (internal citations omitted)). The court ultimately concluded the appeal waiver was valid and enforceable and that his challenge to the district court's enhancement under the ACCA clearly fell within the scope of the waiver. *Id.*

Although McGee's appeal waiver contains different language than the waiver at issue in *Haskins*, we similarly hold that McGee's challenge to the application of the ACCA enhancement to his sentence falls within the scope of the appeal waiver in his plea agreement. The critical determination here is the meaning of the phrase "maximum permitted by statute." The Fifth Circuit has construed this appeal-waiver language to permit a challenge to the applicability of the ACCA to a defendant's sentence. *See House*, 394 F.App'x at 124; *United States v. Harris*, 434 F.3d 767, 770 (5th Cir. 2005) ("If the appeal waiver read, 'Defendant reserves the right to appeal a sentence in excess of the statutory maximum,' we would not construe that waiver to mean that we are barred from considering whether the district court applied the correct statute in order to determine if the sentence the defendant received exceeded the applicable statutory maximum.").

However, this Court in a published opinion has construed very similar appeal waiver language differently: we have held that the phrase "statutory maximum" means "the upward limit of the statute charged in the indictment to which the defendant plead guilty." *United States v. Luebbert*, 411 F.3d 602, 603 (6th Cir. 2005); *cf. United States v. Rodriguez*, 128 S. Ct. 1783, 1787-88 (2008) (holding, in a different context, that the phrase "maximum term of imprisonment prescribed by law" for an "offense" is the maximum penalty including any statutory recidivist-based enhancements). In this case, McGee pleaded guilty to 18 U.S.C. § 922(g), and the maximum sentence authorized by Congress for a violation of § 922(g) is life imprisonment. *See* 18 U.S.C. § 924(e); *see also United States v. Davis*, 689 F.3d 349, 351-52 (4th Cir. 2012) (stating that the "maximum statutory sentence" for a violation of § 922(g) is not ten years, but is the maximum

8

sentence permitted under the ACCA); *United States v. Wolak*, 923 F.2d 1193, 1199 (6th Cir. 1991) (holding that the "maximum [sentence] allowed by law" for a violation of § 922(g) is life imprisonment, pursuant to § 924(e)(1)).[2]  McGee's sentence of fifteen years falls below this maximum statutory sentence.

This reading of the phrase "maximum permitted by statute" is reinforced by considering the plea agreement as a whole, which specifies that the statute pursuant to which McGee was to be sentenced was the ACCA, a fact that the district judge made clear to McGee during the plea hearing. Thus, it is clear that the parties intended the phrase "maximum permitted by statute" to include the sentence-enhancements contained in the ACCA. *See United States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005) (interpreting the phrase "maximum permitted by statute" in an appeal waiver to mean "the upper limit of punishment that Congress has legislatively specified for violation of a statute"); *see also United States v. Turner*, 173 F. App'x 402, 407 (6th Cir. 2006) (focusing on both "the explicit language and intent of the parties" in interpreting an appeal-waiver provision of a plea agreement).  Accordingly, McGee's challenge to the district court's enhancement under the ACCA falls within the scope of the waiver.

### III.

For the reasons discussed above, we **DISMISS** the appeal.

---

[2] Although we have previously acknowledged that "[w]ithout the ACCA, the statutory maximum [a defendant] c[an] receive for being a felon in possession of a firearm [i]s ten years," *see Jones v. United States*, 689 F.3d 621, 625 (6th Cir. 2012), this statement reflects the straightforward text of § 924(a)(2), which sets a maximum penalty of ten years for violation of § 922(g) for an offender without previous convictions. *See* § 924(a)(2).  That the ACCA provides a sentence-enhancement for certain categories of offenders for a violation of § 922(g) means that Congress has authorized the longer sentence as the maximum punishment permitted by statute for commission of that offense. *See Luebbert*, 411 F.3d at 603.