# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2023

Lyle W. Cayce
Clerk

No. 22-60565

United States of America,

*Plaintiff—Appellee*,

*versus*

Benjamin Demond McAbee,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-150-1

_____

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Appellant Benjamin McAbee ("McAbee") appeals the district court's sentence. For the reasons explained below, we VACATE and REMAND with instructions.

## I. Background

In 1999, McAbee pled guilty to delivery of cocaine in violation of Mississippi law. In 2001, McAbee pled guilty to aggravated assault, after he

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

hit his victim with a stick and stabbed him with a shank. In 2003, McAbee pled guilty to manslaughter after shooting and killing his victim during an argument.

In 2020, a Jackson Police Department officer was patrolling on foot when he smelled marijuana. The officer approached McAbee, who was in the parking lot of a gas station. The officer noticed a plastic bag containing what appeared to be marijuana next to McAbee. McAbee confirmed to the officer that the marijuana was his, and when asked if he had any other drugs on him, McAbee removed another bag of marijuana from his front right pocket. The officer placed McAbee under arrest. After arresting McAbee, the officer noticed a green and black 9mm pistol on the ground near where the officer found McAbee. Regarding the gun, McAbee stated "[y]eah that's my gun, I'm not going to even lie. I'm going back to jail because I am a convicted felon."

In 2022, McAbee pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). McAbee's plea agreement included a section titled "Waivers," in which he agreed that he "expressly waive[d] . . . the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . on any ground whatsoever," with an exception for a claim for ineffective assistance of counsel. McAbee "further acknowledge[d] and agree[d] that any factual issues regarding the sentencing will be resolved by the sentencing judge" and that "in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial." The plea agreement also outlined penalties, stating that the statutory maximum for a violation of the charged offense was "not more than 10 years in prison; a term of supervised release of not more than three (3) years; and a fine of up to $250,000.00." However, the plea agreement explicitly stated that if

No. 22-60565

McAbee was "determined to be an Armed Career Criminal, the sentence shall be not less than fifteen years nor more than life in prison; a term of supervised release of not more than five years; and a fine of up to $250,000.00."

The presentence report ("PSR") determined that McAbee qualified for enhanced sentencing under § 924(e) of the Armed Career Criminal Act ("ACCA") and identified a mandatory minimum term of 15 years of imprisonment and a corresponding guidelines term of 180 months. McAbee objected to the PSR, and in his sentencing memorandum, he argued that two of his three prior convictions did not meet the definition of a "serious drug offense" or a "violent felony" under the ACCA; he raised the same arguments during the sentencing hearing. The district court overruled his objections, adopted the findings in the PSR, and sentenced McAbee under the ACCA to a 180-month term of imprisonment and five years of supervised release. McAbee timely appealed.

## II. Legal Standard

Preserved challenges to "legal conclusions underlying a district court's application of" the ACCA are reviewed *de novo*. *United States v. James*, 950 F.3d 289, 291 (5th Cir. 2020).

## III. Discussion

The ACCA mandates a 15-year minimum imprisonment sentence for a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) if the defendant has three prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). The district court identified McAbee's previous convictions for delivery of cocaine, aggravated assault, and manslaughter as the predicate offenses for applying the ACCA enhancement. On appeal, McAbee only challenges the

No. 22-60565

district court's categorization of his 1999 conviction for delivery of cocaine as a serious drug offense.

McAbee argues that because "the government failed to produce *Shepard*[1] approved documents evidencing that Mr. McAbee's conviction for delivery of cocaine was punishable by ten (10) years or more, the delivery of cocaine conviction does not constitute a serious drug offense under the ACCA." In *Shepard*, the Supreme Court limited district courts' inquiries into determining the character of an offense to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" or "some comparable judicial record" of information about the "factual basis for the plea." *Shepard*, 544 U.S. at 16, 26. The government responded in its brief that "the record reflects that the court considered the *Shepard* documents" and references the PSR attachments which included the relevant indictment, sentencing order, and the Mississippi statute.

Our review of the record shows there are no *Shepard* approved documents supporting McAbee's delivery of cocaine conviction. The indictment and sentencing order are silent as to the corresponding subsection under which McAbee was sentenced. *Descamps v. United States*, 570 U.S. 254, 257, 262 (2013). The government argues McAbee waived his right to appeal the conviction and sentence imposed in this case. And we have previously held that a defendant may waive his right to appeal his conviction and sentence notwithstanding a district court's findings of facts not admitted in his guilty plea. *See United States v. Bond*, 414 F.3d 542, 544-46 (5th Cir. 2005); *see also United States v. Meredith*, 52 F.4th 984, 987-88 (5th Cir. 2022) (quoting *United States v. Smith*, 404 F. App'x 884, 887 (5th Cir. 2010 (per

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

curiam) ("We enforce broad appellate waivers and have declined to examine the correctness of applying a particular guideline where the defendant has agreed to a general waiver of the right to appeal the sentence.")). Yet the district court judge here has not had the opportunity to determine whether the plea agreement encompasses waiver of *Shepard* approved documents. We are thus compelled to remand this matter to the district court for the following limited proceedings:

> 1) to determine whether the government can provide evidence regarding McAbee's 1999 delivery of cocaine conviction consistent with *Shepard*; and

> 2) in the event the government cannot provide such evidence, to hold a hearing on whether the plea agreement's waiver provision encompasses the requirement for *Shepard* approved documents in determining the ACCA's applicability.

## IV. Conclusion

Accordingly, we VACATE and REMAND for further proceedings. The government's motion to dismiss is DENIED. Moreover, the motion for leave to supplement brief is DENIED.

No. 22-60565

JAMES L. DENNIS, *Circuit Judge*, concurring in the judgment and dissenting in part:

I concur in the judgment reversing the district court. I join my colleagues in vacating Mr. McAbee's sentence because the *Shepard* evidence is inconclusive about whether his 1999 conviction for delivery of cocaine constitutes a "serious drug offense" under the Armed Career Criminal Act ("ACCA").[1] I also agree with the panel majority's recognition that Mr. McAbee did not waive his right to bring this appeal. However, I disagree with the panel majority's remand instruction for the district court "to hold a hearing on whether the plea agreement's waiver provision encompasses the requirement for *Shepard* approved documents in determining the ACCA's applicability" but only "in the event the government cannot provide [conclusive *Shepard*] evidence." *Ante*, at 5. Because I would remand for resentencing without instructions, I respectfully dissent.

\* \* \*

As the panel majority explains, we are faced with a criminal appeal from a district court's judgment imposing a fifteen-year term of imprisonment at sentencing. The hefty sentence stems from Mr. McAbee's possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."). Mr. McAbee was charged by a one-count indictment for being a felon in possession of a firearm, and he entered a plea of guilty pursuant to a written plea agreement with the Government. The district court accepted Mr. McAbee's guilty plea and sentenced him to a fifteen-year term of

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

No. 22-60565

imprisonment, finding that he qualified for an enhancement under the ACCA because he had three prior convictions for "violent offenses" or "serious drug offenses." That enhancement prescribes a fifteen-year statutory minimum term of imprisonment. Without the enhancement, the statute applicable to Mr. McAbee's offense imposes a ten-year statutory maximum term of imprisonment.[2] *See* 18 U.S.C. § 924(a)(2) (2018) (amended 2022). Mr. McAbee appealed his sentence and argues, first, that his 1999 conviction for "delivery of cocaine" does not constitute a "serious drug offense" and, second, that he did not waive his right to appeal a sentence imposed in excess of a statutory maximum term of imprisonment.

With respect to the first issue, the panel majority appropriately finds that Mr. McAbee does not qualify for the ACCA sentencing enhancement because we do not know whether his "delivery of cocaine offense" is a "serious drug offense." The ACCA defines a "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , *for which a maximum term of imprisonment of ten years or more is prescribed by law*." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). "[T]here are no *Shepard* approved documents supporting McAbee's delivery of cocaine conviction . . . [because] [t]he indictment and sentencing order are silent as to the corresponding subsection under which McAbee was sentenced" in 1999. *Ante*, at 4. Given that the subsection of the statute Mr. McAbee was convicted under in 1999 is unknown and considering that Mr. McAbee was only sentenced to five years of imprisonment for that conviction, we cannot say whether the crime carried with it the possibility of "ten years or more"

_____

[2] Mr. McAbee committed the instant offense before Congress increased the statutory maximum to 15 years. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, tit. II, § 12004, 136 Stat. 1313, 1327 (2022) (codified at 18 U.S.C. § 924(a)(8)).

imprisonment. The district court therefore did not have a sufficient basis to find the 1999 conviction was a "serious drug offense" and apply the ACCA sentencing enhancement. Mr. McAbee's sentence must be vacated.

The second issue raised by the parties is whether Mr. McAbee waived his right to bring this appeal in light of appeal waiver language included in his plea agreement.[3] The panel majority fails to squarely address the issue, but, by proceeding to the merits and opting against granting the Government's motion to dismiss, the majority implicitly—and correctly—rejects the Government's contention that Mr. McAbee waived his right to bring the instant appeal.[4] *See United States v. Leal*, 933 F.3d 426 (5th Cir. 2019) (holding that a defendant never waives his right to appeal a sentence imposed in excess of a statutory maximum when properly raised); *see also United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020) (noting that a sentence imposed in excess of a statutory maximum is one exception to the general rule that a knowing and voluntary appellate waiver is enforceable); *see also United States v. Fields*, No. 20-60148, 832 F. App'x 317, 317 (5th Cir. 2020) (unpublished) (holding that a misapplication of the ACCA sentencing enhancement results in a sentence that *is in excess* of the statutory maximum term of imprisonment, meaning an appeal of the ACCA's application is not barred by an appeal waiver under *Leal*); *see also United States v. House*, No. 09-40302, 394 F. App'x 122, 124 n.6 (5th Cir. 2010) (unpublished) (same).

Though the parties argue over whether Mr. McAbee waived his right

_____

[3] Mr. McAbee's plea agreement says "Defendant . . . waives . . . the right to appeal the . . . sentence imposed in this case . . . on any ground whatsoever." We review "de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (citing *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002)).

[4] The Government filed a motion to dismiss the appeal based on the appeal waiver in the plea agreement, which we denied.

to bring this appeal, the panel majority remands for the district court to determine whether Mr. McAbee waived a different right—his right to demand that the district court, presumably at a resentencing hearing, limit its ACCA review to *Shepard* evidence.[5] In *Shepard*, the Supreme Court limited district courts' inquiries into determining the character of a prior offense for ACCA purposes to so-called *Shepard* evidence, i.e., "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" or "some comparable judicial record" of information about the "factual basis of the plea." *Shepard*, 544 U.S. at 16, 26. The panel majority says the district court "has not had the opportunity to" decide the waiver issue that only the majority has raised and remands for further deliberation— but *only if* the Government cannot provide any other *Shepard*-approved documents clarifying whether Mr. McAbee's "delivery of cocaine" conviction is a serious drug offense. *Ante*, at 5.

---

[5] The panel majority deviates significantly from the principle of party presentation of argument. Not even the Government argues that Mr. McAbee waived the *Shepard* evidence limitation on the district court's review. *See Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 474 (5th Cir. 2020) (en banc) (recognizing that neutral arbiters of justice do not "make a party's argument for it in the first place"); *see also United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation."); *Castro v. United States*, 540 U.S. 375, 381-83 (2003) (Scalia, J., concurring in part and concurring in the judgment) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."); *United States v. Samuels*, 808 F.3d 1298, 1301 (8th Cir. 1987) (R. Arnold, J., concurring in denial of reh'g en banc) ("Counsel almost always know a great deal more about their cases than we do, and this must be particularly true of counsel for the United States, the richest, most powerful, and best represented litigant to appear before us.").

No. 22-60565

One need not do more than restate the majority's remand instructions to demonstrate that both are poorly thought out. It is unsound to remand for a hearing on whether Mr. McAbee waived the requirement that the district court consider only *Shepard* evidence while simultaneously vacating a sentence for a lack of *Shepard* evidence and remanding in the first instance to see if there is more *Shepard* evidence. It is abundantly clear that the panel majority does not actually believe Mr. McAbee waived *Shepard*'s limitation on the district court's review. If it did, why would the panel majority vacate Mr. McAbee's sentence for lack of *Shepard* evidence? And why would the panel majority also initially require the Government to determine whether other *Shepard* evidence exists on remand? I would cut to the chase and not waste the district court and parties' resources by mandating preparation for and participation in a hearing on a question that no one has raised and, in any event, one that we already know the answer to.

Turning to that answer, the plea agreement's waiver provision does not "encompass" the requirement that the district court, at resentencing, review only *Shepard*-approved documents to determine whether Mr. McAbee qualifies for the ACCA enhancement. We interpret plea agreements employing "ordinary principles of contract interpretation" and, in particular, "constru[e] waivers narrowly and against the Government." *Keele*, 755 F.3d at 754 (citing *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006)). The waiver provision in Mr. McAbee's plea agreement reads in relevant part: "Defendant . . . hereby expressly waives . . . *the right to appeal* the conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . on any ground whatsoever[.]"[6] The right to appeal

_____

[6] Moreover, the provision in Mr. McAbee's plea agreement where he "agree[d] that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility" does not support a finding that Mr. McAbee "waived" the *Shepard* evidence limitation either. *Shepard* evidence *is* the only "relevant

No. 22-60565

a judgment entered after a sentencing hearing is distinct from a defendant's right to demand the district court comply with Supreme Court precedent by limiting its ACCA sentencing enhancement review to *Shepard* evidence. Certainly, Mr. McAbee has not waived that latter right by way of his plea agreement's *appeal waiver* provision. No court has ever found a defendant to have waived the *Shepard* evidence limitation, and we should caution the district court against haphazardly being the first.

*    *    *

The panel majority's remand instructions raise more questions than answers. The panel should vacate Mr. McAbee's sentence and remand for resentencing without the inclusion of instructions.

I respectfully dissent.

---

evidence" when it comes to determining the character of a prior offense for ACCA purposes. *Shepard*, 544 U.S. at 16, 26.